UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GARRETT WHITTENBURG, | |
| Plaintiff, | |
| v. | CAUSE NO. 2:23-CV-451-DRL-MGG |
| LAKE COUNTY JAIL *et al.*, | |
| Defendants. | |

OPINION AND ORDER

Garrett Whittenburg, a prisoner without a lawyer, filed an amended complaint. ECF 5. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must nevertheless give a *pro se* complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In this lawsuit, Mr. Whittenburg alleges he was subjected to excessive force.[1] On January 28, 2022, Mr. Whittenburg was informed he would be transferring cells within

---

[1] Mr. Whittenburg filed sixteen separate lawsuits in the Northern District of Indiana between November 27, 2023, and December 7, 2023, three of which are before this court. He makes it clear

the Lake County Jail and was directed to pack his bags. An unknown correctional officer told him to put his bag on the bed behind him. The officer then ordered Mr. Whittenburg to turn around and back up towards the front of the cell. When Mr. Whittenburg reached the unknown officer, he started "twisting my wrist and thumb causing me a slight pain." ECF 5 at 3. Mr. Whittenburg endured this slight pain; but, because it was taking so long to cuff him, he eventually told the officer that he was hurting his wrist. The officer continued to twist his hand and thumb, so Mr. Whittenburg stated, "What the fuck are you doing you (sic) hurting my wrist." *Id*. At that point, Correctional Officer Ihempke arrived. According to Mr. Whittenburg, Officer Ihempke "grab[bed] me by the back of my hands and shoulder" and attempted to "run my head into the wall of my cell," but he was unsuccessful because Mr. Whittenburg "kick[ed his] feet up against the wall to prevent it." *Id*. Officer Ihempke proceeded to shove him onto the mattress, both officers put their elbows on his neck, and they "placed the other handcuff on." *Id*. Mr. Whittenburg was then taken out of the cell and escorted by several unknown officers to protective custody and segregation. Officer Ihempke handed him a summary of disciplinary charges, and a disciplinary hearing was held sometime in February 2022. Mr. Whittenburg has sued the Lake County [Jail] Facility, Correctional Officer Ihempke, and

---

this case pertains specifically to the alleged excessive force that occurred in January 2022. On the first page of the court's prisoner complaint form, Mr. Whittenburg indicates the event occurred on January 18, 2022; however, the body of his complaint states the event occurred on January 28, 2022.

an unknown correctional officer for compensatory damages for his "psychological pain and suffering [and] emotional stress." *Id*. at 5.[2]

As an initial matter, Mr. Whittenburg has sued the "Lake County Facility," but this entity isn't a proper defendant. The Lake County Facility is a building, not an individual or even a policymaking unit of government that can be sued pursuant to 42 U.S.C. § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (jail is not a suable entity); *see also Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (same, applying Indiana law). Therefore, this defendant will be dismissed.

Turing to his excessive force allegations, because Mr. Whittenburg states he was a pretrial detainee when the events occurred, his claims must be analyzed under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pretrial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). But the Fourteenth Amendment prohibits "punishment" of pretrial detainees. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). A pretrial detainee states a valid Fourteenth Amendment claim by alleging that (1) the defendant "acted purposefully, knowingly, or perhaps even recklessly," and (2) the defendant's conduct was "objectively unreasonable." *Miranda*, 900 F.3d at 353–54. "A jail official's response . . . is objectively unreasonable when it is 'not rationally related to a legitimate nonpunitive governmental purpose[.]'" *Mays v. Emanuele*, 853 F. Appx. 25, 27 (7th Cir. 2021) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015)). In determining

---

[2] He also wants the defendants to be banned from working as correctional officers.

3

whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020), *cert. denied*, 142 S. Ct. 69 (2021). "[N]egligent conduct does not offend the Due Process Clause," and allegations of negligence, even gross negligence, do not suffice. *Miranda*, 900 F.3d at 353.

To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must allege "the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. 396-97. In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, and the severity of the security problem. *Id.* at 397. "[N]ot every use of force is a punishment: 'Once the Government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention.'" *Husnik v. Engles*, 495 Fed. Appx. 719, 721 (7th Cir. 2012) (quoting *Bell*, 441 U.S. at 537).

Here, Mr. Whittenburg alleges the unknown officer twisted his wrist and thumb, which caused "slight pain." Officer Ihempke tried to "run" his head into the cell, but he didn't succeed because Mr. Whittenburg kicked his legs up. He was then shoved onto a mattress where he was handcuffed. Mr. Whittenburg does not allege he was injured during the incident, nor does he suggest that the force applied was anything more than

4

*de minimis*.³ Based on these allegations, it cannot be plausibly inferred that the use of force was objectively unreasonable. *See, e.g. Graham v. Connor*, 490 U.S. 386, 396 (1989) (applying the Fourth Amendment's objective reasonableness standard and noting that "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the [Constitution].") (quotations and citation omitted); *Jones v. Walker*, 358 Fed. Appx. 708, 713 (7th Cir. 2009) ("A single shove that results in bruising is de minimis force that will not support a claim of excessive force."); *Wilson v. Hartman*, No. 21-2308, 2022 WL 1062053, at *1 (C.D. Ill. Apr. 8, 2022) ("*De minimis* force cannot plausibly be considered punishment, or every push or shove of a pretrial detainee would give rise to a constitutional claim."); *see also Twombly*, 550 U.S. at 570 (A complaint must contain sufficient factual matter to "state a claim that is plausible on its face."); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law.").

The amended complaint does not state a claim for which relief can be granted. Although it appears unlikely given the facts Mr. Whittenburg has already alleged, if he still believes he can state a claim based on—*and consistent with*—the events described in this amended complaint, he may file a second amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898

---

³ In fact, Mr. Whittenburg specifically alleges that the pain caused by the force was only "slight."

5

F.3d 726, 738 (7th Cir. 2018). To file a second amended complaint, he needs to use the court's approved form which will be sent to him by the clerk. He needs to place this cause number on it, write the words "Second Amended" on the first page above the title "Prisoner Complaint," and send it to the court after he properly completes the form.

For these reasons, the court:

(1) DIRECTS the clerk to send Garrett Whittenburg a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form;

(2) GRANTS Garrett Whittenburg until **February 19, 2024**, to file a second amended complaint; and

(3) CAUTIONS Garrett Whittenburg if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state any claims for which relief can be granted.

SO ORDERED.

January 22, 2024                              *s/ Damon R. Leichty*
                                              Judge, United States District Court