UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

GARRETT WHITTENBURG,

    Plaintiff,

    v.                                     CAUSE NO. 2:23-CV-451 DRL

LAKE COUNTY FACILITY *et al.*,

    Defendants.

OPINION AND ORDER

Garrett Whittenburg, a prisoner without a lawyer, filed a motion in this closed case asking the court to "return the original civil filing with proper complaint form and to please dismiss the forma pauperis fee and allow me to refile civil filing cause no. 2:23-CV-00451-DRL-MGG on proper complaint form to help remove 1 strike of the three and get my property." ECF 10 at 2. Because Mr. Whittenburg is a prisoner without a lawyer—and the motion was filed more than 28 days after the entry of judgment—the court will construe his motion as one brought pursuant to Federal Rule of Civil Procedure 60(b). *See Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014).

Rule 60 authorizes a court to relieve a party from a final judgment based on: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; or . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a

reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "[I]f the asserted ground for relief falls within one of the enumerated grounds for relief subject to the one-year time limit of Rule 60(b), relief under the residual provision of Rule 60(b)(6) is not available." *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006). "To permit relief under the catchall provision in such situations would render the one-year time limitation meaningless." *Id.* "Accordingly, [courts] have held that the first three clauses of Rule 60(b) and the catchall clause are mutually exclusive." *Id.* (internal quotation marks and original brackets omitted). "A court must not extend the time to act under . . . Rule 60(b)." Fed. R. Civ. P. 6(b)(2).

As relevant background information, Mr. Whittenburg filed seventeen separate civil cases in the Northern District of Indiana between November 27 and December 20, 2023. He filed another nine cases on February 27, 2025. All of these cases concern events at the Lake County Jail. With regard to this cause number, the court reviewed his original complaint (ECF 1) on January 10, 2024, and determined it was not on the proper form and contained unrelated claims. ECF 4. The clerk sent him the proper form, and Mr. Whittenburg was directed to file an amended complaint on it. *Id*. Mr. Whittenburg filed his amended complaint on January 16, 2024. ECF 5. The court screened that amended complaint and determined it did not state any claims. *See generally* ECF 6. Specifically, Mr. Whittenburg alleged he was subjected to excessive force by officers at the Lake County Jail. They twisted his wrist and thumb which caused him "a slight pain," grabbed him by the shoulder, and attempted to push him into the wall but did not succeed. *Id*. at

2 (citing ECF 5 at 3). The court determined the amended complaint did not state any claims under the Fourteenth Amendment because the force described was not objectively unreasonable. Mr. Whittenburg did not allege he was injured during the incident, nor did he suggest the force applied was anything more than *de minimis*. *See id*. at 4–5; *see also Jones v. Walker*, 358 Fed. Appx. 708, 713 (7th Cir. 2009) ("A single shove that results in bruising is de minimis force that will not support a claim of excessive force."). Mr. Whittenburg was granted until February 19, 2024 to file a second amended complaint, and he was cautioned that if he didn't do so by the deadline, the case would be dismissed pursuant to 28 U.S.C. § 1915A. ECF 6 at 6.[1] On March 4, 2024, the court dismissed the case because the amended complaint didn't state any claims. Mr. Whittenburg did seek to challenge that decision in any way.

Now, more than a year later,[2] Mr. Whittenburg wants to reopen this case so it won't be counted as a strike for purposes of proceeding under 28 U.S.C. § 1915(g). As Mr. Whittenburg acknowledges in his motion, he was recently informed that he could not proceed *in forma pauperis* in his new batch of cases because he had received three prior

---

[1] Mr. Whittenburg sent the clerk a letter dated February 19, 2024, indicating he hadn't received copies back from the clerk of his amended complaint dated January 7, 2024, that he had submitted after he received the court's initial deficiency order and the proper form. ECF 7. The letter was mailed from the Lake County Jail on February 27, 2024, and it was received by the court on February 29, 2024. *Id*.; *see also* ECF 7-1. In response, the clerk sent him a copy of the docket sheet. Whittenburg did not send any further communications to the court until his current motion was docketed.

[2] Mr. Whittenburg dated his motion March 11, 2025, one year and seven days after this case was dismissed. ECF 10 at 2. He does not say when it was deposited into the prison mail system. In any event, it is postmarked May 1, 2025, from the Lake County Jail and was received by the court on May 5, 22025. *Id*. at 1; *see also* ECF 10-1.

3

strikes. *See, e.g., Whittenburg v. Brooks*, Cause No. 2:25-CV-096-JTM-APR ECF 3 (N.D. Ind. Feb. 27, 2025). This appears to have prompted Mr. Whittenburg's motion to reopen. He claims he had "no information" about this case until he received the three-struck order, but he later contradicts his own assertion by stating he received legal mail regarding all seventeen of his original cases in mid-December of 2023. ECF 10 at 1–2. This assertion is also contradicted by the docket itself, wherein Mr. Whittenburg clearly received information about this case as he filed an amended complaint on the proper form in response to one of the court's orders. *See* ECF 4 & ECF 5. Mr. Whittenburg mistakenly believes this case was dismissed because he failed to submit a complaint on the proper form.[3] He argues that he couldn't submit an amended complaint because he "was given such short period of time to refile all 17 complaint[s] including this above complaint" and only had eight of them completed by April of 2024. ECF 10 at 1. He further claims he was "physically assaulted" by officers at the Lake County Jail on April 12, 2024, who took his "property with legal mail" away. *Id*. at 2.

Even if Mr. Whittenburg's allegations are credited as true, they don't provide a basis for reopening this case pursuant to Rule 60(b). His arguments fall within the scope of the excusable neglect category under Rule 60(b)(1), but Mr. Whittenburg's motion was filed after the one-year deadline associated with such claims expired. *See Arrieta*, 461 F.3d

---

[3] It was not. Rather, it was dismissed pursuant to 28 U.S.C. § 1915A because his amended complaint failed to state any viable claims, and he did not file a second amended complaint to address its deficiencies.

4

at 865.[4] "This time limit is jurisdictional and cannot be extended." *Id*. at 864. To the extent Mr. Whittenburg is arguing his motion should be analyzed under the catchall provision of Rule 60(b)(6) — which doesn't have a fixed timeframe and permits reopening for "any other reason that justifies relief" — that argument is not persuasive for two reasons. First, the rule applying to the catchall provision versus those applying to mistake, excusable neglect and/or misconduct are "mutually exclusive." *Arrieta*, 461 F.3d at 865. Second, a motion under Rule 60(b)(6) must still be made within a "reasonable time," and it "requires a showing of extraordinary circumstances justifying the reopening of a final judgment." *Id*. (internal quotation marks omitted). Mr. Whittenburg's motion has not satisfied either component.

Although he vaguely claims his property and legal paperwork were taken away in April 2024 after a physical altercation, he doesn't plausibly explain why this prevented him from communicating with the court or filing any post-judgment motions following the incident. The court has reviewed the dockets from his numerous civil cases, and Mr. Whittenburg has filed a plethora of letters, motions, and other documents in those cases from the time this case was dismissed on March 4, 2024 through the spring 2025. The fact that he filed things repeatedly in other cases but didn't file his Rule 60 motion in this case for over a year after it was dismissed suggests it wasn't done within a reasonable timeframe. Moreover, Mr. Whittenburg's after-the-fact assertion that he couldn't submit a second amended complaint because he had too many other civil cases to focus on

---

[4] The same is true if his arguments are classified as being a mistake under Rule 60(b)(1) or as being related to misconduct by an opposing party under Rule 60(b)(3).

during the relevant period doesn't constitute the type of extraordinary circumstance necessary to justify reopening under Rule 60(b)(6).[5] Again, this case was dismissed because his amended complaint failed to state any viable claims and he didn't file a new one addressing the substantive deficiencies pointed out by the court, not because he failed to use the proper form.

Finally, Mr. Whittenburg asks the court to "dismiss the forma pauperis fee" because he "never had a proper forma pauperis form" in this case. ECF 10 at 2. The court assumes he is requesting that the filing fee be waived. It is true that he was granted leave to proceed *in forma pauperis* based on the submission of his inmate trust fund ledger alone. *See* ECF 2 & ECF 3. However, this was proper, as Mr. Whittenburg is a prisoner, so he is subject to the requirements of 28 U.S.C. § 1915(b) and must pay the entire filing fee in accordance with the procedures set forth in that statute. *See* 28 U.S.C. § 1915(b); *see also Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997) ("[T]he filing of a complaint (or appeal) is the act that creates the obligation to pay fees, and what the judge does later does not relieve a litigant of this responsibility."). The court does not have the authority to waive the fee or to modify the amount or timing of payments. *Lucien v. DeTella*, 141 F.3d 773, 776 (7th Cir. 1998); *see also Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997). The filing of the complaint is what triggered Mr. Whittenburg's obligation to pay, and the statute "forbids outright forgiveness of the obligation to pay [it]." *See Butler v. Deal*, 794 Fed. Appx. 542, 544 (7th Cir. 2020) (citing *Maus v. Baker*, 729 F.3d 708, 709 (7th Cir.

---

[5] This is especially true because Mr. Whittenburg is the master of his complaints and chose to litigate a flurry of civil rights actions at the same time.

2013)). While the court could rescind the order granting him leave to proceed in forma pauperis—which allows him to pay the $350 filing fee over time—he would then become liable for the full $405 regardless. *See id*. Thus, it is in Mr. Whittenburg's best interest that the court decline to "dismiss" his *in forma pauperis* status.

For these reasons, the motion to reopen (ECF 10), which has been construed as a motion brought pursuant to Federal Rule of Civil Procedure 60(b), is DENIED.

SO ORDERED.

May 16, 2025                                                        *s/ Damon R. Leichty*
                                                                    Judge, United States District Court